**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2943

———————

In re: SUNG HO MO,
                                        Appellant

———————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-07451)
District Judge:  Honorable Madeline C. Arleo

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 30, 2024)

———————

OPINION[*]

———————

PER CURIAM

At the root of this appeal is a foreclosure action initiated by HSBC Bank on behalf

of Wells Fargo against appellant Sung Ho Mo and his wife, non-party Dae Sung Shim,

related to their residence in Northern New Jersey.  See HSBC Bank USA v. Shim, No.

———————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SWC-F-007302-16 (N.J. Super. Ct. – Chancery Div.).[1] The state court granted summary judgment to HSBC and later authorized a foreclosure sale, but it withheld entry of final judgment due to the onset of the COVID-19 pandemic. Final judgment was entered around two years later.

To stop the effect of the foreclosure judgment, Mo filed a pro se bankruptcy petition under Chapter 11. Wells Fargo, however, lodged a proof of claim related to the foreclosure judgment, obtained relief from the automatic stay, and pressed forward.

Meanwhile, Mo filed in the Bankruptcy Court numerous motions and adversary proceedings, essentially seeking to relitigate issues decided by the state court in the foreclosure action. The Bankruptcy Court's decisions rejecting those filings were affirmed on appeal by the District Court, mostly in an October 13, 2023 letter order that covered nine different bankruptcy dockets. The District Court warned Mo about frivolous and redundant filings and enjoined him from filing anything related to the foreclosure action or bankruptcy proceedings without first seeking leave of court.

Proceeding pro se, Mo appeals certain aspects of the District Court's October 13, 2023 order. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. Insofar as we are reviewing the underlying determinations of the Bankruptcy Court, "we stand in the shoes of the district court, applying a [clear-error] standard to the bankruptcy court's

---

[1] Mo had been self-employed as a loan broker. His default on mortgage payments appears to have overlapped with his criminal prosecution, which ended with Mo's pleading guilty to one count of conspiracy to commit bank fraud and being sentenced to time served, supervised release, and restitution in excess of one million dollars. See United States v. Mo, DC Crim. No. 2:16-cr-00104, ECF No. 22 (D.N.J. Nov. 15, 2016) (Judgment).

findings of fact and a plenary standard to that court's legal conclusions." In re IT Group, Inc., 448 F.3d 661, 667 (3d Cir. 2006) (citation omitted). We may affirm on any grounds supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Mo's opening brief identifies multiple issues for consideration on appeal.[2] They all amount to challenges to the state foreclosure judgment, or to Wells Fargo's related proof of claim in the bankruptcy case.[3]

Insofar as Mo seeks direct appellate review of the state court's final judgment in the foreclosure action, he could have, and should have, pursued that path in the state court system; he is prohibited by the Rooker-Feldman doctrine[4] from doing so in the lower federal courts. See In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); see also Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 459-60 (3d Cir. 2019) (identifying "situations in which there is a Rooker-Feldman 'judgment'"). Mo's arguments are otherwise barred by preclusion principles, for substantially the reasons given by the Bankruptcy Court, when it granted HSBC's and Wells Fargo's motion to dismiss one of Mo's several adversary proceedings. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) ("Both New Jersey and federal law apply res judicata or claim preclusion when

___

[2] Issues not raised in Mo's opening brief—for example, whether it was proper for the District Court to have imposed filing restrictions—have been forfeited. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[3] Mo also argues that the District Court should have held an evidentiary hearing to determine whether to impose criminal penalties against Wells Fargo and its counsel. We need not address that argument any further.

[4] See *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

3

three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. In addition, New Jersey courts bar the relitigation of finally determined issues through the doctrine of collateral estoppel.") (internal citation and quotations omitted); see also Mori v. Hartz Mountain Dev. Corp., 472 A.2d 150, 155 (N.J. Super. Ct. - App. Div. 1983) ("[T]he entire controversy doctrine applies not only to matters actually litigated, but to all aspects of a controversy that *might* have been thus litigated and determined.").[5]

Accordingly, the judgment of the District Court will be affirmed. Mo's pending motions are all denied.

---

[5] New Jersey law defines the preclusive effect of a judgment issued by a New Jersey court. Paramount Aviation Corp. v. Gruppo Agusta, 178 F.3d 132, 135 (3d Cir. 1999).